```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND


QUEST DELANEY                  *
                               *
v.                             *
                               *   Civil Action No. WMN-15-867
UNITED STATES OF AMERICA       *
                               *
                               *
 *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment.  ECF No. 6.  The motion is ripe.  Upon a review of the motion and applicable case law, the Court determines no hearing is necessary, Local Rule 105.6, and Defendant's motion will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Quest Delaney brings this action against Defendant, United States of America, under the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. and 28 U.S.C. § 1346(b)(1), asserting negligence on the part of the United States, through its agency, the United States General Services Administration.  Defendant moves to dismiss, or in the alternative, for summary judgment, on two grounds.  Defendant denies primary negligence, arguing the defect in the General Services Administration (GSA) building that caused Plaintiff's injury was open and obvious.  In the alternative, Defendant

claims Plaintiff was contributorily negligent with respect to his injury.

Plaintiff worked for Coastal International Security, providing security services to a federal facility maintained by GSA. Plaintiff was assigned to Guard Post 11 in January 2012. On February 8, 2012, Plaintiff submitted a handwritten letter regarding "improving post 11 booth for safety/improvement" to Captain Saunders, a supervising security captain. ECF No. 7-2. On the list, Plaintiff wrote "[t]he metal tack strip needs to be replaced because its (sic) coming up." Id. On February 22, 2012, Post 11 was inspected by Food and Drug Administration Physical Security Director Karl Thrash and Major Paul Caruso. The defects noted on the list of repairs were not addressed after inspection.

On March 15, 2012, Plaintiff tripped and fell when the metal strip in the doorway of Post 11 lifted and caught his boot. Plaintiff suffered damages which he attributes to Defendant's failure to repair the metal strip. On March 16, 2012, Plaintiff wrote and signed an incident report. Plaintiff filed Standard Form 95, Claim for Damage, Injury, or Death, with GSA on February 7, 2014. In a letter dated December 4, 2014, GSA denied Plaintiff's claim. On March 25, 2015, Plaintiff filed suit in this Court.

**II. LEGAL STANDARD**

A court considers only the pleadings when deciding a motion to dismiss.  If matters outside the pleadings are presented and not excluded, the motion must be considered under the summary judgment standard of Fed. R. Civ. P. 56.  See Villeda v. Prince George's County, MD., et al., 219 F. Supp. 2d 696, 698 (D. Md. 2002).  In this case, the parties submitted matters outside the pleadings, and the Court has considered these matters.  The Defendant's motion shall be considered a motion for summary judgment and decided accordingly.

Summary judgment is proper if the evidence before the Court, consisting of the pleadings, depositions and declarations, establishes there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party seeking summary judgment bears the initial responsibility of informing the Court the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  If the moving party overcomes its initial burden, the non-moving party must, in order to withstand the motion, produce its own evidence in the form of depositions, declarations, or other documentation demonstrating the presence of a triable issue of fact.  Id. at

324.  While unsupported speculation is insufficient for this purpose, <u>Felty v. Graves-Humphreys Co.</u>, 818 F.2d 1126, 1128 (4th Cir. 1987), any dispute over facts that may affect the outcome of the case is considered "material" and will defeat a summary judgment motion, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  At all times, the non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor."  <u>Felty</u>, 818 F.2d at 1128.

**III. DISCUSSION**

   **A. Open and Obvious**

In Maryland,[1] "[a] landowner owes a duty to invitees to keep his premises in a reasonably safe condition and to protect them against dangers of which he knows, or which with reasonable care he should have discovered."  <u>Maryland State Fair and Agric. Soc'y, Inc. v. Lee</u>, 348 A.2d 44, 48 (Md. Ct. Spec. App. 1975).  When a dangerous condition would be recognized through the exercise of reasonable care, "the owner or occupier of land ordinarily has no duty to warn an invitee of an open, obvious and present danger."  <u>Coleman v. United States</u>, 369 Fed.App'x 459, 462 (4th Cir. 2010).  An invitee who is harmed by an open and obvious condition is usually barred from recovery because

---

[1] Under the Federal Tort Claims Act, the "law of the place where the act or omission occurred" governs.  § 28 U.S.C. 1346(b)(1).  The incident in question occurred in Montgomery County, Maryland, therefore, Maryland substantive law applies.

4

"the condition and risk are apparent to and would be recognized by a reasonable person... exercising ordinary perception, intelligence, and judgment." Id.

Defendant alleges Plaintiff cannot recover under a negligence theory because there was no obligation to protect Plaintiff against dangers known to him; dangers that were open and obvious. Defendant argues the open and obvious doctrine is applicable because Plaintiff knew about the defective metal strip and actually reported the defect to his employer. The Defendant's argument is flawed; "while the fact that a danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk... it is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances." Maryland State Fair, 348 A.2d at 50.

Based on the record, the Court cannot say that the open and obvious condition of the doorway relieved the Defendant of the duty to keep the premises in a safe condition. Despite the Plaintiff's knowledge of a needed repair, Post 11 was the Plaintiff's assigned work location and it was foreseeable that a reasonable person in the Plaintiff's position would continue to use the doorway to enter and exit the facility. Where the condition is one that cannot be negotiated with reasonable

safety and it is expected that the invitee will nevertheless proceed to encounter it, the jury may be permitted to find that obviousness, warning, or even actual knowledge is not enough. Id. at 51.

### B. Contributory Negligence

In the alternative, Defendant argues Plaintiff was contributorily negligent as a matter of law.  Under Maryland law, contributory negligence on the part of the plaintiff is an absolute bar to recovery against a negligent defendant.  See May v. Giant Foods, Inc., 712 A.2d 166, 171 (Md. Ct. Spec. App. 1998).  The standard of care imposed on a party charged with contributory negligence is that of a reasonable person under like circumstances.  Craig v. Greenbelt Consumer Services, Inc., 222 A.2d 836, 837 (Md. Ct. Spec. App. 1998).  The absence or presence of contributory negligence is ordinarily a question of fact for the jury to decide.  Jackson v. Forwood, 47 A.2d 81, 83 (Md. Ct. Spec. App. 1946).  The court is justified in deciding the question as a matter of law if "the evidence permits one interpretation which shows some distinct, prominent and decisive act in regards to which there is no room for ordinary and reasonable minds to differ."  Boyd v. Simpler, 158 A.2d 666, 669 (Md. Ct. Spec. App. 1960).

The Court rejects Defendant's assertion that Plaintiff was contributorily negligent because he knew of the dangerous

condition and elected to step on the metal strip.  The issue of contributory negligence turns not on Plaintiff's knowledge of the defect but rather on whether a reasonable person under the circumstances would understand the inherent risks associated with the defect and take proper precautions for their own safety.  Robertson v. Shell Oil Co., 367 A.2d 962, 968 (Md. Ct. Spec. App. 1977).  Whether Plaintiff acted reasonably under the circumstances, including whether Plaintiff fully appreciated the danger posed by the condition of the metal strip is an issue for jury consideration.  See McKenzie v. Egge, 113 A.2d 95, 100 (Md. 1955) (holding that whether the plaintiff's action was so negligent under all the circumstances as to bar recovery is one for submission to the jury).

The case of Sacks v. Pleasant is instructive on the issue of contributory negligence.  251 A.2d 858 (Md. 1969).  In Sacks, an injured tenant sued her landlord for damages after she fell from a defective toilet seat in her apartment.  Id. at 859.  The landlord contended the tenant was contributorily negligent because she was aware that the seat was loose and elected to use it anyway.  Id. at 861.  The Court of Appeals of Maryland found the tenant was not contributorily negligent as a matter of law because, although she knew the seat was defective, it had never come off before and she was surprised when it did.  Id. at 863.  Analogous to Sacks, there is no evidence in the current record

7

that the metal strip in the doorframe ever malfunctioned in the way that tripped the Plaintiff on March 15, 2012.

Conceding Plaintiff's knowledge of the defect, the question remains whether the defect was an "open and obvious condition which presented danger to anyone who trod upon it." Robertson, 367 A.2d at 966. "Whether a reasonably prudent person, under similar circumstances, would have stepped slowly or somehow tested" the area are issues of material fact that should be left for the jury. Ensor v. Ortman, 220 A.2d 82, 92 (Md. 1966). More information is needed to determine whether "[t]he nature of the condition was such that one might have walked across it dozens of times...without suspecting its harmful potential." Hutzler Brothers Co. v. Taylor, 230 A.2d 663, 670 (Md. 1967).

In addition, Defendant's argument that Plaintiff failed to exercise due care, not by using the doorway, but by electing to step on the metal strip is without merit. The reasonableness of the Plaintiff's election turns on the question of "whether the plaintiff took appropriate precautions to protect his own interests." Wegad v. Howard Street Jewelers, 605 A.2d 123, 127 (Md. 1992). In light of the court's analysis in Lipnick v. United States, (cited by both parties), the answer to this question depends on whether there was an alternative route, whether the doorway was the designated entrance for employees, whether there was a change in the condition of the doorway, and

8

whether the Plaintiff was using the doorway in a routine manner. 717 F. Supp. 902, 907 (D.D.C. 1989).

## IV. CONCLUSION

For the above-stated reasons, the Court denies the Defendant's motion.  A separate order will issue.

```
             _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```

DATED: September 15, 2015.